

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. O-2248
Re: Constitutionality of H. B.
438 of the 46th Legislature -
Clerks - Stenographers.

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

"Under the act of the Legislature referred to in the caption hereof Carson County is authorized to employ a stenographer or clerk for the County Judge. Under opinions from your office such as O-1955 and O-1957 it would seem that this act would be unconstitutional.

"I do not deem it necessary to give a brief in this matter as you have already cited ample authorities to the effect that the assistants or deputies referred to in Article 3891 must be paid out of fees of office. But in this case the clerk or stenographer would exercise none of the authority of a deputy but would be employed merely for work for the County Judge and other work made necessary by extended county activities.

"I would greatly appreciate your advice as to whether or not it is lawful for the County to employ a clerk or stenographer to work under the direction of the County Judge and pay said clerk or stenographer from funds other than fees of the County Judge's office. In this connection, will say that the fees of office of County Judge in this county are only nominal, the main volume of work being caused by oil valuations, P.W.A. projects, County Superintendent's work and various new things that have grown up in connection with county work."

Hon. Frank R. Murray, Page 2

Carson County, Texas has a population of seven thousand, seven hundred and forty-five (7,745) inhabitants, according to the last preceding Federal Census of 1930, and its officers are compensated upon a fee basis.

Opinion No. O-2224 of this department holds House Bill 438 of the 46th Legislature of Texas unconstitutional as a local or special law attempting to regulate the affairs of a county in contravention of Section 56 of Article 3 of our State Constitution. We enclose herewith a copy of opinion No. O-2224.

Article 3902, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first

Hon. Frank R. Murray, Page 3

assistant or chief deputy not to exceed Eighteen
Hundred ($1800.00) Dollars per annum; other
assistants, deputies or clerks not to exceed Fif-
teen Hundred ($1500.00) Dollars per annum each."

Article 3883, Vernon's Annotated Texas Civil Sta-
tutes, reads in part as follows:

"Except as otherwise provided in this Act
the annual fees that may be retained by precinct,
county and district officers mentioned in this
Article shall be as follows:

"1. In counties containing twenty five
(25,000) thousand or less inhabitants; County
Judge, District or Criminal District Attorney,
Sheriff, County Clerk, County Attorney, District
Clerk, Tax Collector, Tax Assessor, or the Assess-
or and Collector of Taxes, Twenty-four Hundred
($2400.00) Dollars each; Justice of the Peace and
Constable, Twelve Hundred ($1200.00) Dollars each."

Article 3891, Vernon's Annotated Texas Civil Sta-
tutes, reads in part as follows:

"Each officer named in this Chapter shall
be first out of the current fees of his office
pay or be paid the amount allowed him under the
provisions of Article 3883, together with the
salaries of his assistants and deputies, and
authorized expenses under Article 3699, and the
amount necessary to cover costs of premium on
whatever surety bond may be required by law. If
the current fees of such office collected in any
year be more than the amount needed to pay the
amounts above specified, same shall be deemed
excess fees, and shall be disposed of in the
manner hereinafter provided.

"In counties containing twenty-five thousand
(25,000) or less inhabitants, District and County
officers named herein shall retain one-third of
such excess fees until such one-third, together
with the amounts specified in Article 3883, amounts
to Three Thousand Dollars ($3,000). Precinct offi-
cers shall retain one-third until such one-third,
together with the amount specified in Article 3883,
amounts to Fourteen Hundred Dollars ($1400)."

Hon. Frank R. Murray, Page 4

Article 3892, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned."

Article 3895, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall

Hon. Frank R. Murray, Page 5

not increase the compensation of the official
beyond the maximum of compensation and excess
fees allowed to be retained by him under this
chapter. Provided, however, the ex officio
herein authorized shall be allowed only after
an opportunity for a public hearing and only
upon the affirmative vote of at least three
members of the Commissioners' Court."

Article 3899, Vernon's Annotated Texas Civil Sta-
tutes, reads in part as follows:

"(a). At the close of each month of his
tenure of office each officer named herein who
is compensated on a fee basis shall make as
part of the report now required by law, an
itemized and sworn statement of all the actual
and necessary expenses incurred by him in the
conduct of his office, such as stationery, stamps,
telephone, premiums on officials' bonds, includ-
ing the cost of surety bonds for his deputies,
premium on fire, burglary, theft, robbery insur-
ance protecting public funds, traveling expenses
and other necessary expenses.... The amount of
salaries paid to assistants and deputies shall
also be clearly shown by such officer, giving
the name, position and amount paid each; and
in no event shall any officer show any greater
amount than actually paid any such assistant or
deputy. The amount of such expenses, together
with the amount of salaries paid to assistants,
deputies or clerks shall be paid out of the fees
earned by such officer...." (Underscoring ours)

The language of sub-division (a) of Article 3899,
supra, is essentially the same as Article 3897 of the Revis-
ed Civil Statutes of 1911, as amended by Acts of 1923, which
was construed by the Texarkana Court of Civil Appeals in the
case of Casey vs. State, 289 SW 428, as not including steno-
graphic help in its allowance of "actual and necessary ex-
penses," to the office holder in the conduct of his office.
The Court applies the rule of construction "ejusdem generis"
which would likewise apply to the present statute inasmuch
as the same sets out the allowable office expenses particu-
larly, in like manner, as the statute construed in the
above mentioned case, fixing the grade and character of such
as not including stenographic help.

Opinion No. 0-1620 of this department holds that the county attorney of Walker County, Texas, has no authority to employ a stenographer and pay her salary as an authorized expense out of his fees of office. This opinion defines the term "stenographer."

Opinion No. 0-1874 of this department holds that when the county attorney of Liberty County, Texas, complies with Article 3902, Vernon's Annotated Texas Civil Statutes, a "clerk" may be appointed for the county attorney.

Opinion No. 0-1930 of this department holds that neither the county attorney nor the commissioners' court have any statutory authority to employ a stenographer for the county attorney of Johnson County, Texas, and pay for same out of county funds. This opinion also holds that neither the commissioners' court nor the district attorney of Johnson County and the 18th Judicial District have any statutory authority to employ a stenographer for said district attorney and expend either county or state funds for the purpose. This opinion further holds that the commissioners' court of Johnson County, Texas, a salary county, having a population of thirty-three thousand, three hundred and seventeen (33,317) inhabitants according to the last preceding Federal Census, may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1200.00) Dollars per year, under the provisions of Sub-division (a) of Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes. We also enclose herewith copies of opinions Nos. 0-1620, 0-1874 and 0-1930 of this department.

We are unable to find any _valid_ statutory authority which would authorize the commissioners' court of Carson County, Texas, to expend any county funds for the employment of a stenographer for the county judge of said county.

The county judge of Carson County is without statutory authority to employ a stenographer and pay her salary as an authorized expense of his office out of his fees of office.

You are respectfully advised that it is the opinion of this department that when the county judge of Carson County, Texas, complies with Article 3902, Vernon's Annotated Texas

Civil Statutes, a clerk may be appointed for the county judge and when the county judge complies with Section (a) of Article 3899, Vernon's Annotated Texas Civil Statutes, he may pay said clerk out of his fees of office as an authorized expense of office. The county would not be authorized to expend any county funds whatsoever for the payment of the salary of the county judge's clerk in your county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

APPROVED APR 17, 1940

Gerald C. Mann

